# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2013

No. 12-30984

Lyle W. Cayce
Clerk

CHAD DAILEY,

Plaintiff – Appellant

v.

HENRY WHITEHORN, individually and in his official capacity as the policy-maker and agent of the appointing authority for the City of Shreveport Police Department,

Defendant – Appellee

--------------------------------------------------------------------------------------------------------------

KEVIN STRICKLAND,

Plaintiff – Appellant

v.

CITY OF SHREVEPORT; HENRY WHITEHORN, individually and in his official capacity as the policy-maker and agent of the appointing authority for the City of Shreveport Police Department,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1453

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

No. 12-30984

PER CURIAM:[*]

Chad Dailey and Kevin Strickland appeal from the district court's grant of summary judgment to the City of Shreveport and Henry Whitehorn on Dailey's and Strickland's claims of race and sex discrimination. We AFFIRM.

Henry Whitehorn was Chief of Police of the Shreveport Police Department. He instituted a diversification plan for specialized units to prevent recycling the same officers into these units in order to generate fresh viewpoints. Dailey and Strickland, white males, applied to a vacancy in the Violent Crimes Unit of the Investigations Division. The highest-ranked candidate accepted another position. The next three highest-ranked candidates were Dailey, who was in the Canine Unit; Strickland, who had previously worked in the Investigations Division and was in the Patrol Division[1]; and Shaunda Holmes, an African American female who had never worked in a specialized unit. Although Holmes was selected for the position, Dailey and Strickland also were assigned to the Violent Crimes Unit to fill the next two vacancies, effective four and five months after Holmes's selection, respectively.

Dailey and Strickland brought race and sex discrimination claims against Whitehorn under 42 U.S.C. § 1983; Article I, Section 3 of the Louisiana Constitution; and Louisiana Revised Statutes § 23:332. Additionally, Strickland brought these three claims against the City and included a claim under Title VII, 42 U.S.C. § 2000e-2. The district court granted summary judgment to the City and Whitehorn, and Dailey and Strickland timely appealed.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Patrol Division appears to be the non-specialized unit.

No. 12-30984

F.3d 824, 830 (5th Cir. 2013). "Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). "Evidence is construed in the light most favorable to the non-moving party[,] drawing all reasonable inferences in that party's favor." *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013) (internal quotation marks and alterations omitted).

Dailey's and Strickland's claims are analyzed under the Title VII framework.[2] *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 n.4 (5th Cir. 2007); *Patel v. Midland Mem'l Hosp. Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002). Title VII prohibits employers from discriminating against employees on the basis of race or sex. 42 U.S.C. § 2000e-2(a)(1). "Intentional discrimination can be established through either direct or circumstantial evidence." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). "Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Circumstantial evidence is analyzed under the familiar framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Alavarado*, 492 F.3d at 611. The *McDonnell Douglas* framework requires a plaintiff first to establish a prima facie case of discrimination. *See* 411 U.S. at 802. A prima facie case may be shown by demonstrating "that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) . . . suffered some adverse employment action by the employer; and (4) . . . was treated less favorably than

---

[2] Article I, Section 3 of the Louisiana Constitution states in pertinent part, "No law shall discriminate against a person because of race . . . . No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of . . . sex . . . ." Dailey's and Whitehorn's claims challenge allegedly discriminatory *conduct*, not laws, so do not state a claim under this section. *See Washington v. Louisiana*, No. 11-334-BAJ-DLD, 2012 WL 4159079, at *14 (M.D. La. Aug. 21, 2012).

other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action at issue. *Id.* at 557. "[T]he plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." *Id.*

Dailey and Strickland purport to establish direct evidence of discrimination by pointing to statements Whitehorn made between one and two years before the employment decision at issue indicating he intended to implement a diversification plan and would advance minority candidates over better qualified white candidates. These alleged statements are too attenuated in time from the employment decision at issue, and inference is required to conclude Holmes's selection resulted from intentional discrimination. Accordingly, Dailey and Strickland cannot establish direct evidence of discrimination. *See Jones*, 427 F.3d at 992.

Neither can Dailey and Stickland establish a prima facie case of discrimination using circumstantial evidence because they cannot show any adverse employment action. *See McCoy*, 492 F.3d at 556. Even if the transfer was actually a promotion, they complain only of delays and cannot establish adverse effects. *See Benningfield v. City of Hous.*, 157 F.3d 369, 378 (5th Cir. 1998) ("We need not address whether a mere delay in promotion constitutes an adverse employment action because [plaintiff] received the promotion with retroactive pay and seniority."). It is undisputed that there was no increase in salary associated with the transfer. The only evidence of adverse effects is Dailey's claim that he would have received the same amount of overtime as Holmes at his overtime rate (an amount he calculates as $3,800) based on public records that are not in the record. Strickland provides only the same speculative calculations to claim $760 in lost overtime pay. Dailey's and Strickland's

No. 12-30984

evidence consists of nothing more than "[c]onclusional allegations . . . , speculation, improbable inferences, [and] unsubstantiated assertions [that] do not adequately substitute for specific facts showing a genuine issue for trial." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Accordingly, their allegations do not show any adverse employment action, and they have failed to make out a prima facie case of race and sex discrimination.

AFFIRMED.